

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-12-00159-CR

Henry **BENSON** III,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2010CR10097
Honorable Angus McGinty, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Karen Angelini, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  March 20, 2013

REVERSED AND REMANDED

Appellant Henry Benson III was convicted by a jury of one count of criminally negligent injury to a child and one count of reckless injury to a child.  On appeal, Appellant asserts that his Sixth Amendment right to a public trial was violated when the trial court excluded his parents from voir dire.  We agree.  We reverse the trial court's judgment and remand this cause to the trial court for a new trial.

## BACKGROUND

Appellant Henry Benson III was charged with one count of intentionally and knowingly causing serious bodily injury to a child by holding the child in hot water and one count of recklessly causing serious bodily injury to a child by failing to check the bath water temperature before placing the child in the water. Benson chose a jury trial for both phases: guilt/innocence and punishment.

Immediately after the trial court called for the venire panel to be brought in, but before the panel actually entered the courtroom, Benson asked that his parents be allowed to be present in the courtroom during voir dire. The trial court responded that "we are actually not going to have room. [The venire members] take up every single seat for jury selection." Citing *Presley v. Georgia*, 130 S. Ct. 721 (2010), Benson asserted that he had a "constitutional right" to have his parents in the courtroom during voir dire. The trial court overruled Benson's objection and excluded his parents from voir dire.

The jury found Benson guilty of reckless injury to a child and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of five years. Benson raises three points of error on appeal including his assertion that the trial court violated his Sixth Amendment right to a public trial.

## RIGHT TO A PUBLIC TRIAL

In his first point of error, Benson argues that when the trial court excluded his parents from the courtroom during voir dire, it violated his Sixth Amendment right to a public trial.[1]

---

[1] It its brief, the State concedes that the trial court closed voir dire, the closure was not justified, and the appropriate remedy is for this court to reverse the trial court's judgment and remand the cause for a new trial.

## A. Applicable Law

In a criminal prosecution, the defendant has a right to a public trial. *See* U.S. CONST. amends. VI, XIV; *Presley v. Georgia*, 130 S. Ct. 721, 723 (2010) (per curiam) (reiterating that the Sixth Amendment right to a public trial applies to the states via the Due Process Clause of the Fourteenth Amendment); *Steadman v. State*, 360 S.W.3d 499, 504 (Tex. Crim. App. 2012). "[T]he Sixth Amendment right to a public trial extends to the *voir dire* of prospective jurors." *Presley*, 130 S. Ct. at 724; *accord Steadman*, 360 S.W.3d at 505. If a trial court wishes to close voir dire, the trial court "must advance an overriding interest that is likely to be prejudiced, the closure must be no broader than necessary to protect that interest, [it] must consider reasonable alternatives to closing the proceeding, and it must make findings adequate to support the closure." *See Waller v. Georgia*, 467 U.S. 39, 48 (1984); *accord Lilly v. State*, 365 S.W.3d 321, 328–29 (Tex. Crim. App. 2012).

In considering reasonable alternatives, "trial courts are required to consider alternatives to closure even when they are not offered by the parties." *Presley*, 130 S. Ct. at 724; *accord Lilly*, 365 S.W.3d at 329; *Steadman*, 360 S.W.3d at 509. A closure is not justified if there are reasonable alternatives to closure that the trial court cannot "sensibly reject." *See Steadman*, 360 S.W.3d at 509; *see also Presley*, 130 S. Ct. at 724–25; *Lilly*, 365 S.W.3d at 333. If voir dire was closed, we must reverse the trial court's judgment if "the record fails to show that [the] trial court considered all reasonable alternatives to closure." *Lilly*, 365 S.W.3d at 329 (citing *Presley*, 130 S. Ct. at 725) (recognizing that *Steadman* reversed the trial court's judgment "because the trial court failed to consider *all* reasonable alternatives").

## B. Analysis

To close Benson's voir dire without violating his Sixth Amendment right to a public trial, the trial court had to consider *all* reasonable alternatives to closure, sensibly reject each one, and

issue specific findings that justified the closure in light of controlling law. *See Steadman*, 360 S.W.3d at 509; *see also Waller*, 467 U.S. at 48; *Presley*, 130 S. Ct. at 725; *Lilly*, 365 S.W.3d at 329. We consider whether voir dire was closed, whether any closure was justified, and whether the record contains specific findings to support the closure.

### 1. Was Voir Dire Closed?

Just before voir dire began, Benson asked that his parents be allowed to be present in the courtroom during voir dire. The trial court stated that the venire panel filled all the seats in the courtroom, and there was no room for any others to be present. Over Benson's *Presley* objection, the trial court denied Benson's request and excluded his parents from voir dire. We conclude that the trial court closed voir dire. *Cf. Presley*, 130 S. Ct. at 722; *Steadman*, 360 S.W.3d at 500–01. Therefore, we turn to the question of whether the closure was justified. *See Lilly*, 365 S.W.3d at 329.

### 2. Was Closure Justified?

When the trial court announced its decision to exclude Benson's parents because there was no room for them in the courtroom, Benson did not propose any alternatives to closure, but he had no burden to do so. *See Steadman*, 360 S.W.3d at 505 ("[T]here is no burden on the defendant to proffer alternatives [to closure]."). The trial court was obligated to protect both First and Sixth Amendment rights, and it was the trial court's burden to consider *all* reasonable alternatives to closure. *See Presley*, 130 S. Ct. at 723–25 ("Trial courts are obligated to take every reasonable measure to accommodate public attendance at criminal trials."); *Steadman*, 360 S.W.3d at 505. Though neither the State nor Benson proffered reasonable alternatives to closure, the record does not show that the trial court considered *any* alternatives to closing voir dire. *Contra Presley*, 130 S. Ct. at 725; *Lilly*, 365 S.W.3d at 329; *Steadman*, 360 S.W.3d at 505. At a minimum, the trial court should have considered dividing the venire panel to reduce the number

of people in the courtroom to allow for Benson's parents to attend voir dire; it did not. *Contra Presley*, 130 S. Ct. at 725 (identifying dividing the venire panel as a reasonable alternative a trial court must consider). Like *Presley*, because the trial court failed to consider *all* reasonable alternatives to closure, the closure was not justified. *See id.*; *Steadman*, 360 S.W.3d at 510.

### 3. Record Supports Closure?

Even assuming *arguendo* that the courtroom seating limits justified excluding Benson's parents from voir dire, the trial court still had the burden to produce specific findings of fact to support the closure. *Cf. Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 505–06. The record does not show that the trial court produced any findings on its reason for closing voir dire, or on any alternatives, such as dividing the venire panel, that it considered but sensibly rejected. *Cf. Presley*, 130 S. Ct. at 725. Thus, the trial court failed to produce findings of fact that supported the closure. *Cf. Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 505–06.

## C. Conclusion

The record does not show that the trial court considered *all* reasonable alternatives, "sensibly reject[ed]" each of them, and issued specific findings that justify the closure in light of controlling law. *See Presley*, 130 S. Ct. at 725 (*all* reasonable alternatives); *Lilly*, 365 S.W.3d at 329 (same); *Steadman*, 360 S.W.3d at 509 (sensibly reject); *see also Waller*, 467 U.S. at 48 (*Waller* test). Thus Benson's Sixth Amendment right to a public trial was violated. *See Lilly*, 365 S.W.3d at 333; *Steadman*, 360 S.W.3d at 510–11. We sustain Benson's first point of error.

### REMAINING ISSUES

Because we have concluded that Benson's Sixth Amendment right to a public trial was violated, and the appropriate remedy is to reverse the judgment and remand the cause for a new trial, we need not address Appellant's other issues. *See* TEX. R. APP. P. 47.1. We overrule Appellant's remaining issues as moot.

## CONCLUSION

By closing voir dire without considering or being able to sensibly reject *all* reasonable alternatives to closure, the trial court violated Appellant's Sixth Amendment right to a public trial. Therefore, we reverse the trial court's judgment of conviction and remand this cause to the trial court for a new trial.

Patricia O. Alvarez, Justice

DO NOT PUBLISH